# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

## Civil Action No. 4:17-cv-0151-D

| | |
|---|---|
| NICHOLAS SPARKS AND THE NICHOLAS SPARKS FOUNDATION, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, | )<br>)<br>) |
| Defendant. | )<br>) |

## **STIPULATED PROTECTIVE ORDER**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order in the above-styled proceeding (the "Litigation"), it is therefore hereby

ORDERED that any person subject to this Stipulated Protective Order (this "Order") – including, without limitation, the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

1. This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents, objects or things, deposition testimony and interrogatory/request for admission responses, and any copies, excerpts or summaries thereof, obtained by any party pursuant to the requirements of any court order, requests for production of

documents, requests for admissions, interrogatories, or subpoena ("Discovery Materials"). This Order is limited to this Litigation or any appeal of this Litigation.

2. For the purposes of this Order, the term "document" means all tangible items, whether written, recorded or graphic, whether produced or created by a party or another person or means, whether produced pursuant to subpoena, to discovery request, by agreement, or otherwise.

3. For the purposes of this Order, "Confidential Discovery Material" shall mean any information that the producing party in good faith believes constitutes: i) a trade secret or other confidential research, development, or commercial information; ii) information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status; or iii) any other category of information hereinafter given confidential status by the Court.

For the purposes of this Order, "Confidential-Attorney's/Other's Eyes Only—Not for the Foundation" is a designation sought by Defendant based on Defendant's assertion that such material is privileged as between Nicholas Sparks, Defendant, and the Pinto, Coates, Kyre & Bowers Law Firm and disclosure to a third party, including The Nicholas Sparks Foundation, would waive the privilege. For purposes of discovery only, Plaintiffs agree not to provide documents marked "Confidential-Attorney's/Other's Eyes Only—Not for the Foundation" to any Foundation employee, former employee, Foundation board member or former board member who is not also a party to this case unless the Court rules, pursuant to Paragraph 13 below, that the material is not confidential or privileged. Plaintiffs agree not to claim waiver of privilege based on Defendant's production of documents marked "Confidential-Attorney's/Other's Eyes Only—

2

Not for the Foundation" in this case pursuant to this Order, but Plaintiffs reserve the right to seek a finding of waiver for documents marked "Confidential-Attorney's/Other's Eyes Only—Not for the Foundation" for reasons other than production by Defendant in this case pursuant to this Order. Plaintiffs' non-waiver agreement does not apply to production of such materials by any person other than Defendant.

4. Notwithstanding any other provision of this agreement, any Party is allowed to make use of Confidential-Attorney's/Other's Eyes Only—Not for the Foundation material and Confidential Discovery Material at trial without regard to any claims of privilege. This expressly includes the right to show such documents to any fact or expert witness.

5. Any person subject to this Order who receives from any other person any "Discovery Material" that is designated as "Confidential," "Confidential-Attorney's Eyes Only," or "Confidential-Attorney's/Other's Eyes Only—Not for the Foundation" (hereinafter "Confidential Discovery Material"), pursuant to the terms of this Order, shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by a party of any document, testimony, or information that legitimately, without breach of the terms of this Order, is a public record or in the public domain, or that is otherwise received at any time by that party outside the scope of this Order.

6. With respect to the "Confidential," "Confidential - Attorney's Eyes Only," or "Confidential-Attorney's/Other's Eyes Only—Not for the Foundation" portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential," "Confidential - Attorney's Eyes Only," or "Confidential-Attorney's/Other's Eyes Only—Not for the Foundation " by stamping or otherwise

clearly marking as "Confidential - Subject to Protective Order" or "Confidential - Attorney's Eyes Only - Subject to Protective Order" or "Confidential-Attorney's/Other's Eyes Only—Not for the Foundation – Subject to Protective Order" the protected portion in a manner that will not interfere with legibility or audibility.

7. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record during the deposition that a question calls for confidential information, in which case the transcript of the designated testimony shall be marked "Confidential Information – Subject to Protective Order" or "Confidential Information - Attorney's Eyes Only – Subject to Protective Order" or "Confidential-Attorney's/Other's Eyes Only—Not for the Foundation – Subject to Protective Order" by the court reporter. Counsel for the producing party or the deponent shall have until thirty (30) calendar days after its earliest receipt of the deposition transcript in any format within which to inform all other Parties that portions of the transcript are to be designated "Confidential" or "Confidential - Attorney's Eyes Only", and the period may be extended by agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 8 through 10 below and the deponent during these thirty (30) business days.

8. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as "Confidential," "Confidential - Attorney's Eyes Only," or "Confidential-Attorney's/Other's Eyes Only—Not for the Foundation – Subject to Protective Order", he or she may so designate by apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as "Confidential," "Confidential - Attorney's Eyes Only," or "Confidential-Attorney's/Other's Eyes Only—Not for the Foundation – Subject to

4

Protective Order", under the terms of this Order. In the case of produced documents, the producing party shall have ten (10) business days from the date of notice in which to provide stamped replacement versions of those documents. Additionally, the party receiving such notice shall make a reasonable, good faith effort to cure any prior dissemination that would not be permitted under the corrected designation.

9. No person subject to this Order, other than the producing person, shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action and/or any employee of a party or former employee of a party, but only to the extent considered necessary for the preparation and trial of this action;

(b) legal counsel for the parties including those retained specifically for this action and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and (2) they will not be permitted to keep any confidential information;

(e) any other witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action or who otherwise have a genuine

5

need to know the content of the Protected Material in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (including anyone assisting said expert or specialist in connection with this action), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) stenographers engaged to transcribe depositions conducted in this action;

(h) persons providing litigation support services to any party to this litigation or its counsel, including translators, photocopying, data processing and hosting, document review, graphic production, jury research or trial preparation services;

(i) auditors, regulators and reinsurers of a party who, in the normal course of business, would have access to or to whom a party has a business obligation to provide such information in connection with this Action; and

(j) the Court and its support personnel; and

(k) persons engaged in mediation of this dispute and their staff.

10. No person subject to this Order, other than the producing person, shall disclose any of the Discovery Material designated by the producing person as Confidential - Attorney's Eyes Only to any other person whomsoever, except to:

(a) legal counsel for the parties including those retained specifically for this action and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(c) during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and (2) they will not be permitted to keep any confidential information unless they sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, unless otherwise agreed by the designating party or ordered by the court;

(d) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (including anyone assisting said expert or specialist in connection with this action), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) stenographers engaged to transcribe depositions conducted in this action;

(f) persons providing litigation support services to any party to this litigation or its counsel, including translators, photocopying, data processing and hosting, document review, graphic production, jury research or trial preparation services;

(g) the Court and its support personnel; and

(h) persons engaged in mediation of this dispute and their staff.

11. No person subject to this Order, other than the producing person, shall disclose any of the Discovery Material designated by the producing person as Confidential - Attorney's/Other's Eyes Only—Not for the Foundation to any other person whomsoever, except to:

7

(a) legal counsel for Nicholas Sparks including those retained specifically for this action and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) Plaintiff Nicholas Sparks;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and (2) they will not be permitted to keep any confidential information unless they sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, unless otherwise agreed by the designating party or ordered by the court;

(e) any person retained by Nicholas Sparks to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (including anyone assisting said expert or specialist in connection with this action), provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action;

(g) persons providing litigation support services to Nicholas Sparks in this litigation or his counsel, including translators, photocopying, data processing and hosting, document review, graphic production, jury research or trial preparation services;

8

(h) the Court and its support personnel; and

(i) persons engaged in mediation of this dispute and their staff.

12. Prior to any disclosure of any "Confidential," "Confidential - Attorney's Eyes Only," or "Confidential- Attorney's/Other's Eyes Only—Not for the Foundation" Discovery Material to any person referred to in subparagraphs 9(f), 10(d), or 11(d) above, such persons shall be provided by counsel with a copy of this Protective Order and shall be asked to sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel within three (3) days of trial or at the conclusion of the case, whichever comes first.

13. (a) In the event that a Party chooses to file information that has been designated "Confidential Discovery Material" or any pleadings, motions or other papers that disclose any such information, the filing party shall file the materials in accordance with the Court's Electronic Case Filing Administrative Policies and Procedures Manual, Sections V.G and V.I.4, Local Civil Rule 79.2, EDNC, and with notice served upon the producing party within 10 days of filing.

(b) Except for motions filed under seal in accordance with Section V.G.1.(f) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

    i. The exact document or item, or portions thereof, for which the filing under seal is requested;

ii. How such request to seal overcomes the common law or the First Amendment presumption to access;

iii. The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

iv. The reasons why alternatives to sealing are inadequate; and

v. Whether there is consent to the motion.

(c) The party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and, when required by Section V.G.1.(a) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, a supporting memorandum of law specifying the interests which would be served by restricting public access to the information under the regimen outlined in *Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000) and *Hall v. United Air Lines, Inc.*, 296 F. Supp. 2d 652, 680 (E.D.N.C. 2003). The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

(d) The parties will use their best efforts to minimize such sealing, including requesting the producing party to provide versions of produced documents or transcript excerpts

that redact Confidential material non-pertinent to the pleadings, motions or other papers filed with the Court. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

14. Any party who either objects to any designation of confidentiality, may serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will seek resolution with the Court.

15. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion in whether or not to afford confidential treatment to any Confidential Discovery Material, or any information contained in any such Confidential Discovery Material, submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

16. Each person who has access to Discovery Material that has been designated as "Confidential," "Confidential - Attorney's Eyes Only," or "Confidential-Attorney's/Other's Eyes Only—Not for the Foundation – Subject to Protective Order", shall take all reasonable steps to ensure that access to the Confidential Discovery Material, and any electronic repository where it is retained, is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Discovery Material. When making copies of Confidential Discovery Material or converting electronic material to hard copy form, he or she shall make reasonable efforts to ensure

11
Case 4:17-cv-00151-D Document 96 Filed 06/02/22 Page 11 of 17

each such document has been marked as "Confidential," "Confidential - Attorney's Eyes Only," or "Confidential-Attorney's/Other's Eyes Only—Not for the Foundation– Subject to Protective Order", in a legible manner.

17. Pursuant to Federal Rule of Evidence 502(b) and (d), if a party inadvertently discloses Discovery Material subject to a claim of attorney-client privilege, attorney work product protection, or other privilege or protection ("Protected Information"), such disclosure(s) shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the inadvertently produced Protected Information and its subject matter in this action or any other federal or state proceeding.

(a) If a disclosing party makes a claim of inadvertent Protected Information disclosure, the receiving party shall immediately cease review of the Protected Information and within five (5) business days, return or destroy all copies of the Protected Information, and provide a certification of counsel that all such information has been returned or destroyed.

(b) Within five (5) business days of the notification of inadvertent Protected Information disclosures, the disclosing party shall produce a log with respect to the Protected Information.

(c) The receiving party may move the Court for an Order compelling production of the Protected Information.

(d) The disclosing party retains the burden of establishing the protected nature of any Protected Information. Nothing in this Order shall limit the right of any party to request an in-camera review of the Protected Information.

12
Case 4:17-cv-00151-D Document 96 Filed 06/02/22 Page 12 of 17

18. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be inadvertently produced privileged or protected, and to inform the disclosing party that such materials have been produced.

19. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence and shall be interpreted to provide the protection allowed by Federal Rule of Evidence 502(d) provided, however, that the party seeking protection has fully and consistently complied with all of this Court's Orders and Local Rules with respect to preserving the attorney client and work product privileges.

20. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Discovery Material, that party must, to the extent legally permissible: (a) promptly notify in writing the producing or designating party (including a copy of the subpoena or court order); and (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission, to the extent legally permissible. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing, encouraging, or requiring a receiving party in this action to disobey a lawful directive from another court.

13
Case 4:17-cv-00151-D Document 96 Filed 06/02/22 Page 13 of 17

21. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must, to the extent legally permissible, immediately (a) notify in writing the producing or designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Non-Disclosure Agreement that is the form annexed as an Exhibit hereto. Disclosure of discovery materials designated Confidential other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

22. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, the receiving party will return to the producing party or destroy all copies of documents produced in this action. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the discovery materials not more than one hundred sixty (160) days after final termination of this Litigation. Notwithstanding this provision, the receiving party may retain produced documents attached to pleadings or used as exhibits in depositions or hearings in this action. Legal counsel for the parties, however, shall not be required to return or destroy any pretrial or trial records, including, without limitation, attorney work product, as are regularly maintained by that counsel in the ordinary course of business, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Protective Order and shall not be used for any purpose.

23. (a) No disclosure pursuant to any provision of this Order shall waive any rights or privileges of any party granted by this Order.

(b) This Order shall not enlarge or affect the proper scope of discovery in this or any other litigation; nor shall this order imply that Confidential Discovery Materials are properly discoverable, relevant, or admissible in this or any other litigation. Each party reserves the right to object to any disclosure of information or production of any documents that the producing party designates as Confidential Discovery Materials on any other grounds it may deem appropriate.

(c) The entry of this Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection. Nothing in this Order shall prevent any party from seeking an appropriate protective order to further govern the use of Confidential Discovery Materials at trial.

24. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

25. This Order does not amend, preempt, or displace any provision of the Federal Rules of Civil Procedure, the Court's Local Rules, or this Court's prior Orders. Further, the parties expressly agree that this Order does not absolve or mitigate any previous failure to follow this Court's Local Rules and Orders.

26. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED, the 2 day of June, 2022.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

| | |
|---|---|
| NICHOLAS SPARKS AND THE NICHOLAS SPARKS FOUNDATION, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) |
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, | )<br>)<br>) |
| Defendant. | )<br>) |

## **Non-Disclosure Agreement**

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential"; "Confidential-Attorney's Eyes Only" or "Confidential-Attorney's/Other's Eyes—Not for the Foundation. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of any issue or dispute arising hereunder.

Dated:_____     _____